UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>HARI OM LIMITED PARTNERSHIP,<br><br>Debtor.<br>_____/<br><br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee; NEVADA MUTUAL INSURANCE COMPANY,<br><br>Appellants,<br><br>vs.<br><br>HARI OM LIMITED PARTNERSHIP,<br><br>Appellee. | Case No. BK-S-10-14347-MKN<br><br>Chapter 11<br><br>USDC Appeal No. 2:14-cv-01462-APG<br><br><br>**ORDER GRANTING MOTION TO DISMISS APPEAL, AND REMANDING CASE TO BANKRUPTCY COURT**<br><br>(Dkt. #14) |

Appellants William A. Leonard, Jr. and Nevada Mutual Insurance Company ("Nevada Mutual") appeal from the bankruptcy court's order approving employment of John T. Hansen as counsel to the debtor (the "Employment Order"). The Hari Om Limited Partnership ("Debtor") has moved to dismiss the appeal on jurisdictional grounds, arguing the Employment Order was not a final, appealable order.[1]

Leonard argues the Employment Order was a final order that gives Appellants a right to appeal. But an order concerning disqualification of counsel is an interlocutory order and may be appealed only with leave of the court. Nevada Mutual concedes the Employment Order is interlocutory, but urges me to grant Appellants leave to appeal under 28 U.S.C. § 158(a)(3). I

_____

[1] (Dkt. #14.)

decline to grant leave to appeal. Interlocutory appeals should be permitted only if an order concerns a governing issue of law and a ruling would materially advance the litigation. The Employment Order concerns factual disputes about counsel's conflicts of interest, not questions of law governing the underlying bankruptcy dispute. And I fail to see how a ruling on disqualification will materially advance the litigation. Accordingly, I do not grant leave to appeal.

### I.     Discussion

#### A.     The Employment Order is not a final order.

Leonard argues the Employment Order was a final order giving rise to a right to appeal under 28 U.S.C. § 158(a)(1). While Leonard correctly argues that courts are more flexible when determining finality in the bankruptcy context,[2] bankruptcy orders addressing disqualification issues are not final even under this more liberal standard.[3] Also, here, the bankruptcy judge indicated the Employment Order was intended to be interlocutory. The order was issued without prejudice and stated the parties may move for disqualification or disgorgement if sufficient evidence is later submitted.[4] Leonard also concedes in his opening brief that my jurisdiction

---

[2] Debtor argues that the Ninth Circuit's flexible standard does not apply in bankruptcy appeals to district courts, citing to *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 814 (9th Cir. 2012). I need not determine this issue because Appellants fail to meet even the more flexible finality standard. *See In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992).

[3] "Where the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory *even in the more flexible bankruptcy context*." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d at 389. See also *In re Delta Servs. Indus., Etc.*, 782 F.2d 1267, 1272 (5th Cir. 1986) ("We can discern no basis for granting greater appealability to orders denying motions to disqualify counsel in bankruptcy cases than to those in ordinary civil cases.").

[4] (Dkt. #19, Ex. 20, at 9.)

2

arises solely under 28 U.S.C. § 158(a)(3)—the interlocutory appeals provision.[5] The other Appellant, Nevada Mutual, admits that the Employment Order is interlocutory.[6]

Leonard has provided no evidence or authority suggesting the Employment Order is final within the meaning of 28 U.S.C. § 158(a)(1). The Employment Order is interlocutory, and thus Appellants must seek leave to appeal.[7]

### B. Appellants are not granted leave to appeal.

Appellants admit they did not move for leave to appeal as required by Fed. R. Bankr. Pro. 8001(b). Even if I construe Appellants' notice of appeal as a motion for leave,[8] I am unconvinced leave should be granted.

Whether to grant leave to appeal is a matter of my discretion.[9] Review of interlocutory orders is generally disfavored, and the moving party has the burden of proving sufficient grounds exist.[10] Interlocutory appeals should be granted only where: (1) the dispute concerns a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.[11] The Ninth Circuit has

---

[5] (Dkt. #22, at 1.) Leonard might be suggesting that certain interlocutory orders may be appealed as a matter of right, but he cites no authority supporting this position.

[6] (Dkt. #25, at 1.)

[7] 28 U.S.C. § 158(a)(3).

[8] Fed. R. Bankr. Pro. 8003(c) provides that I may construe a notice of appeal as a motion for leave to appeal.

[9] 28 U.S.C. § 158(a)(3).

[10] *Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

[11] *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *In re Thinkfilm, LLC*, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013); *Greenspan v. Orrick, Herrington & Sutcliffe LLP*, 2010 WL 3448240, at *1 (N.D. Cal. Sept. 1, 2010). These standards come from 28 U.S.C. § 1292(b), which the Ninth Circuit has applied by analogy to interlocutory bankruptcy appeals.

cautioned against allowing interlocutory appeals of disqualification decisions, because granting such appeals would "greatly enhance their usefulness as a tactical ploy."[12]

Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation."[13] Here, the Employment Order addresses a collateral issue regarding conflicts of interest—it does not raise a controlling question of law. Because the identity of counsel is collateral to the underlying merits of an action, courts routinely find that disqualification disputes do not materially affect the outcome of litigation.[14] In this case, the Employment Order does not materially affect the outcome of litigation because the bankruptcy judge stated the parties may seek disqualification or disgorgement if they provide "sufficient admissible evidence" in the future.[15]

Moreover, the Employment Order does not primarily address a question of law, but one of fact. The order settled a factual dispute regarding potential conflicts of interest.[16] There was no significant dispute about the governing law. An interlocutory appeal is designed to settle legal issues that are stymying litigation; it is not a proper mechanism for reviewing the bankruptcy court's factual determinations.[17]

Finally, it is not clear an immediate appeal will materially advance termination of the litigation.[18] My court docket is very busy, and there is no likelihood (let alone anything close to a guarantee) that this appeal will be resolved more quickly than the bankruptcy court will process

---

[12] *Shurance,* 839 F.2d at 1348.

[13] *In re Cement Antitrust Litig.,* 673 F.2d at 1026.

[14] *See, e.g., Shurance,* 839 F.2d at 1348.

[15] (Dkt. #19, Ex, 20, at 9.) *See In re TV, LLC,* 2012 WL 1521633, at *4 (B.A.P. 9th Cir. Apr. 30, 2012).

[16] *See* (Dkt. #19, Ex. 20, at 6-9.)

[17] *In re Moore,* 2011 WL 5593185, at *3 (D. Haw. Nov. 17, 2011).

[18] *In re Cement Antitrust Litig.,* 673 F.2d at 1026.

the underlying litigation. Apparently the bankruptcy court has already set a hearing to consider proposed plans of reorganization.[19] Counsel's disqualification is unlikely to have any material effect on how fast the underlying action advances. If anything, allowing an interlocutory appeal would delay termination of the litigation.

Based upon the foregoing, there are insufficient reasons to grant Appellants leave to appeal the interlocutory Employment Order.

**II.     Conclusion**

IT IS HEREBY ORDERED that Appellee's motion to dismiss this appeal (Dkt. #14.) is GRANTED. This matter is hereby REMANDED to the Bankruptcy Court.

DATED THIS 12th day of December, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[19] (Dkt. #29, at 9.)